UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| JODY WAYNE COMPTON, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No. 2:23-CV-00170-JRG |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM OPINION**

This matter is before the Court on Petitioner Jody Wayne Compton's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. 1] and the United States's Response [Doc. 8]. The Court has determined that the files and records in the case conclusively establish that Mr. Compton is not entitled to relief under § 2255 and, therefore, no evidentiary hearing is necessary. For the following reasons, Petitioner's motion will be **DENIED** and the § 2255 case **DISMISSED with PREJUDICE**.

**I. BACKGROUND**

In 2006, a federal jury found Petitioner guilty of carjacking in violation of 18 U.S.C. §§ 2119 and 2. [Jury Verdict, Doc. 31, No. 2:05-CR-00066]. The Court sentenced Petitioner to 180 months' imprisonment to run consecutively with a state sentence. [Judgment, Doc. 47 at 2, No. 2:05-CR-00066]. Petitioner appealed to the Court of Appeals for the Sixth Circuit, which affirmed the judgment on August 24, 2007. *United States v. Compton*, 240 F. App'x 51 (6th Cir. 2007). Petitioner did not petition for certiorari to the United States Supreme Court.

In March 2023, Petitioner requested permission from the Sixth Circuit to file a second or successive § 2255 motion pursuant to *Borden v. United States*, 593 U.S. 420 (2021). *See In re Compton*, No. 23-5180, 2023 U.S. App. LEXIS 15944 (6th Cir. June 23, 2023). However, because

Petitioner had not filed a first § 2255 motion, no such permission was required, and the Sixth Circuit transferred the motion to this Court. *Id.* In January 2024, the United States filed its response, opposing Petitioner's § 2255 motion. [United States's Resp.].

This matter is ripe for review.

## II. LEGAL STANDARD

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate: "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

Section 2255(f) imposes a one-year limitations period on all petitions for collateral relief under § 2255 running from the latest of: (1) the date when the judgment of conviction becomes final; (2) the date when the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date when the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date when the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

## III. DISCUSSION

In this case, Petitioner's § 2255 motion is untimely. His judgment became final in November 2007, ninety days after it was affirmed by the Sixth Circuit. *See Sanchez-Castellano v. United States*, 358 F.3d 424, 424 (6th Cir. 2004) (explaining that a conviction affirmed on appeal becomes final after the expiration of the 90-day period in which the defendant could have petitioned the United States Supreme Court for certiorari). And Petitioner did not file his § 2255 motion until March 2023, well past the one-year window provided for under § 2255(f)(1). Even if the one-year filing period began with the Supreme Court's June 2021 decision in *Borden*, his motion was still filed more than a year past the deadline under § 2255(f)(3). Moreover, the circumstances necessary to invoke § 2255(f)(2) and (f)(3) are not present here.

The one-year limitations period for filing a petition under Section 2255 is subject to equitable tolling. *See Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749–50 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)). Equitable tolling "allows courts to toll a statute of limitation when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010) (internal quotation marks omitted). However, Petitioner has not pointed to any unavoidable circumstances that prevented him from filing his motion in a timely manner. Accordingly, Petitioner's § 2255 motion must be dismissed as untimely.

Even if Petitioner's motion were timely, it is without merit. Petitioner asserts that under *Borden*, his prior convictions for aggravated reckless assault do not qualify as predicate offenses under the Armed Career Criminal Act ("ACCA"). [Pet'r's Mot. at 4]. In *Borden*, the Supreme Court held that offenses with a *mens rea* of recklessness did not qualify as violent felonies under the ACCA. 593 U.S. at 429. However, as the United States points out, Petitioner was not sentenced under the ACCA. [United States's Resp. at 4]. Therefore, *Borden* provides him no relief.

## IV.     CONCLUSION

Because Mr. Compton has not established that his conviction and sentence were in violation of the Constitution, or that a fundamental defect resulted in a complete miscarriage of justice or an egregious error, his Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence [Doc. 1] is **DENIED** and this case is **DISMISSED with prejudice**. Should Petitioner give timely notice of an appeal from this order, such notice will be treated as an application for a certificate of appealability, which is **DENIED** because he has failed to make a substantial showing of the denial of a constitutional right or to present a question of some substance about which reasonable jurists could differ. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court will enter an order consistent with this opinion.

So ordered.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE